IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LAMONT D. BOOKER, SR.,
    Petitioner,

v.                                                                                Civil No. 3:21cv212 (DJN)

HAROLD W. CLARKE,
    Respondent.

**MEMORANDUM OPINION**

Petitioner Lamont D. Booker, Sr. ("Booker"), a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 (("§ 2254 Petition") (ECF No. 9)), challenging his conviction for possession of a controlled substance with intent to distribute in the Circuit Court for the City of Portsmouth ("Circuit Court"). Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF No. 15.) Booker has responded. (ECF No. 21.) For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be GRANTED.[1]

### I.    PROCEDURAL HISTORY

On May 8, 2017, a jury convicted Booker of Possession with the Intent to Manufacture, Sell, Give or Distribute a Schedule I or Schedule II Controlled Substance, 3rd or Subsequent Offense. *Commonwealth v. Booker*, No. CR16–526, at 1–2 (Va. Cir. Ct. May 9, 2017). On

---

[1]    The Court corrects the capitalization, spelling, and punctuation and omits emphasis and symbols in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

August 28, 2017, the Circuit Court imposed the jury's recommended sentence of ten years of incarceration. *Commonwealth v. Booker*, No. CR16–526, at 1–2 (Va. Cir. Ct. Sept. 1, 2017).

On November 6, 2018, the Court of Appeals of Virginia affirmed Booker's conviction. *Booker v. Commonwealth*, No. 1542–17–1, at 1–8 (Va. Ct. App. Nov. 6, 2018). On June 18, 2019, the Supreme Court of Virginia refused Booker's appeal. *Booker v. Commonwealth*, No. 181621, at 1 (Va. June 18, 2019). Booker did not file a petition for a writ of certiorari in the Supreme Court of the United States. (ECF No. 9, at 3.)

On August 6, 2020, Booker filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus, *Booker v. Clarke*, No. 200988 (Va. filed Aug. 6, 2020). On November 18, 2020, the Supreme Court of Virginia dismissed Booker's state habeas petition as untimely, because "the petition was not filed within one year from the June 18, 2019 final disposition of petitioner's direct appeal." *Booker v. Clarke*, No. 200988, at 1 (Va. Nov. 18, 2020) (citation omitted). On February 4, 2021, the Supreme Court of Virginia refused Booker's petition for rehearing. *Booker v. Clarke*, No. 200988, at 1 (Va. Feb. 4, 2021).

On March 22, 2021, Booker mailed his original 28 U.S.C. § 2254 Petition to this Court.[2] (ECF 1–1, at 1.) In his § 2254 Petition, Booker contends that the following grounds entitle him to relief:

Claim One:   "Brady violation." (ECF No. 9, at 5.)

Claim Two:   "Confrontation [Clause] violation." (*Id.* at 7.)

Claim Three: "Jury instruction violation." (*Id.* at 9.)

---

[2] Booker does not specify when he placed his original § 2254 Petition in the prison mailing system; however, it was postmarked on March 22, 2021. (ECF 1–1, at 1.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that an appeal was filed at time petitioner delivered it to prisoner officials, rather than when the court received it).

Claim Four: "Ultimate issue of fact violation." (*Id.* at 10.)

Claim Five: "I[neffective] assistance of [trial] counsel." (ECF No. 10, at 9.)

Claim Six: "Ineffective assistance [of counsel] on appeal." (*Id.*)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Booker's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Booker's judgment became final on Monday, September 16, 2019, when his time to petition for a writ of certiorari from the United States Supreme Court expired. *See* Sup. Ct. R. 13.1 (mandating that any petition for writ of certiorari be filed within 90 days of judgment) ; *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

The limitation period for Booker to file a § 2254 petition began to run on September 17, 2019. Therefore, it expired on Thursday, September 17, 2020. However, Booker did not file his § 2254 Petition until March 22, 2021 — 186 days after the expiration of the federal limitation period. Accordingly, unless Booker can show an entitlement to statutory tolling, equitable tolling or a belated commencement, then Booker did not timely file his § 2254 petition.

Neither Booker nor the record suggest any plausible basis for a belated commencement under 28 U.S.C. § 2244(d). However, liberally construed, Booker's submissions do suggest the possibility of both a statutory and an equitable tolling of the limitations period. The Court will address each contention in turn.

### C. Statutory Tolling

The Supreme Court of Virginia dismissed Booker's state habeas petition as untimely. *Booker v. Clarke*, No. 200988, at 1 (Va. Nov. 18, 2020). A petition that a state court denies as untimely does not constitute a "properly filed" petition within the meaning of the AEDPA. *Pace*

4

*v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Because Booker never properly filed his state habeas petition, he lacks entitlement to statutory tolling for the period during which he pursued his untimely state habeas petition in the Supreme Court of Virginia.[3]

### D. Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added).

Booker asserts that his facility's Covid-19 restrictions deprived him of physical access to the law library between April 1, 2020, and September 20, 2020. (*See* ECF No. 21, at 9.) However, Booker's vague arguments concerning his lack of physical access to the law library do not entitle him to equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.

---

[3] In his submissions to the Court, Booker seems to confuse his period for filing a state habeas petition under Virginia law with his period for filing a federal habeas petition under 28 U.S.C. § 2244(d). Booker appears to believe that he timely filed his state habeas petition, because he filed it before his federal limitations period expired. This is simply not correct. Virginia has its own requirements for determining when and how state habeas petitions are to be filed. While a "properly filed" state habeas petition can toll the federal limitations period, the federal limitations period does not dictate whether a state habeas petition is "properly filed."

2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.").

As an initial matter, routine aspects of prison life, such as "restricted access to the law library . . . do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Further, the mere fact that a restriction relates to Covid-19 does not automatically convert it into an extraordinary circumstance. *See United States v. Harris*, 2021 WL 1823109, at *4–5 (E.D. Va. May 6, 2021) (finding that generic claims about Covid-19 restrictions did not warrant equitable tolling).

Rather, the inmate must state with specificity how exactly the conditions complained of prevented him from filing his § 2254 petition on time. *See Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010) (citations omitted) (holding that an inmate must explain with specificity how the alleged conditions actually hindered his efforts to pursue his claims within the statute of limitations). Booker's argument lacks the requisite level of specificity.

For instance, Booker does not specifically allege that he worked on his § 2254 Petition between April 2020 and September 2020, the period when he maintains that he had restricted physical access to the law library. Rather, it appears that during that time, he focused on preparing his state habeas petition, which he filed with the Supreme Court of Virginia on August 6, 2020. Booker's ability to complete and file his state habeas petition during this time undermines his current arguments concerning his § 2254 Petition. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting

6

with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Additionally, when the Supreme Court of Virginia dismissed his state habeas petition as untimely on November 18, 2020, Booker did not then file his § 2254 Petition. Instead, he filed a Motion for Rehearing in the Supreme Court of Virginia, so that he could continue to litigate his state habeas petition.

Booker did not file his § 2254 Petition with this Court until March of 2021. *Cf. Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights." (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). By Booker's own account, the restrictions on physical access to the law library had been lifted for almost seven months by that time. Thus, the Court fails to discern, and Booker fails to explain, how the restrictions on Booker's physical access to the law library between April 2020 and September 2020 have any relevance on the issue of equitable tolling with respect to Booker's § 2254 Petition. Rather, on these facts, it appears that Booker simply mismanaged his time and misallocated his efforts. *See Irwin*, 498 U.S. at 93 ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

Moreover, Booker does not specifically explain how his physical presence in the library would have facilitated the timely filing of his § 2254 Petition in this instance. *See Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (observing that there is no "abstract, freestanding right to a law library or legal assistance" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996))). Booker does not state that the restriction on access to the law library prevented him from conducting any particular research or denied him access to any specific case or information. Nor does he

7

demonstrate that the lack of physical access to the law library amounted to a full-blown violation of his right to access to the courts. *Cf. Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (observing that "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment").

Further eroding his position, Booker admits that, despite the Covid-19 restrictions, he had the ability to "write to the law library to obtain case[s]." (ECF No. 21, at 9.) Thus, it appears that Booker continued to have access to the law library, albeit remote access from his cell, throughout the period in question. Simply put, Booker has failed to demonstrate that an extraordinary circumstance existed in this instance, much less that it actually impeded his ability to timely file his § 2254 Petition.[4]

Even if Booker had sufficiently established that some extraordinary circumstance stood in the way of his timely filing of his § 2254 Petition, which he has not, these facts would still not entitle Booker to equitable tolling, as he has failed to show that he exercised diligence in protecting his rights. *See Holland*, 560 U.S. at 649 (requiring petitioner requesting equitable tolling to show the diligent pursuit of his rights). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Yang*, 525 F.3d. at 930 (emphasis added) (internal quotation marks and citation omitted). Booker fails to point to any action that he took to proactively protect his rights.

---

[4] As Respondent points out, the Court has already factored in and accounted for the unusual and disruptive nature of the Covid-19 pandemic and the effects that it has on litigation, by entering two general orders on March 16, 2020, and March 24, 2020, respectively, that extended filing deadlines for litigants by fourteen (14) days each. (ECF No. 17, at 6.) Even excluding these twenty-eight (28) days from the calculation, Booker's § 2254 Petition was still filed 158 days after the expiration of the statute of limitations period.

8

"Simply put, [Booker] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *See O'Neill v. Dir., Va. Dep't. of Corr.*, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Thus, under any analysis, he fails to carry his "strong burden to show specific facts" that demonstrate his entitlement to equitable tolling. *Yang*, 525 F.3d at 928 (citation omitted). Accordingly, his § 2254 Petition is barred by the statute of limitations and will be DENIED.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be GRANTED. Booker's § 2254 Petition (ECF No. 9) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Booker and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 15, 2022

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Booker fails to meet this standard.